HARBERT CONSTRUCTION CORPORATION, et al. *v.*
DEPENDENTS OF QUIMBY

No. 43195          December 18, 1965          170 So. 2d 15

*Carey E. Bufkin, Satterfield, Shell, Williams & Buford,* Jackson, for appellants.

*J. A. Travis & L. K. Travis,* Jackson, for appellees.

JONES, J.

On August 27, 1962, the attorney-referee entered an order awarding compensation benefits to a legal representative of William F. Quimby, deceased, and to his dependents, a widow and two minor children.

The deceased was found to have suffered a myocardial infarction (occasioned by his work) on November 4, 1960, totally disabling him until November 19, 1960, and also from January 1, 1961, to July 28, 1961, when he died as a consequence of the accidental injuries suffered as aforesaid.

At the first hearing, the claimant Quimby was examined on direct examination, but at the conclusion of the direct examination the hearing was recessed until a future date. Before the future date arrived the claimant died. Thereupon his claim was revived in the name of his administratrix, and the widow and children as dependents filed their claim. On motion the Commission ordered both claims consolidated and heard them at the same time.

After hearing the testimony the Workmen's Compensation Commission entered an order awarding the claimant's administratrix compensation and also awarding compensation to the dependents.

The permanent benefits were reduced twenty per cent because of the pre-existing condition of the claimant which the doctors showed contributed to his injury. Penalties were also allowed, but no question is raised in this Court as to the penalties.

On appeal to the circuit court the circuit judge affirmed the order of the Commission, but modified same by holding that there was no evidence to justify the twenty per cent reduction because of the pre-existing condition.

■■ ■ The employer and carrier appeal here, and, among other things, assign as error the fact that the Compensation Commission admitted the direct testimony of William F. Quimby, deceased, as given on the first hearing. The testimony as given by Quimby on his direct examination was corroborated by others who were present and also by his wife. This evidence was admissible by Section 22 of the Workmen's Compensation Act, being Mississippi Code Annotated section 6998-28 (1952). Schilling v. Mississippi State Forestry Commission, 226 Miss. 858, 85 So. 2d 562 (1956).

■■ ■ The appellants also complain that the Compensation Commission erred in consolidating the revived claim of the Estate of W. F. Quimby, deceased, and the claim of the dependents of the deceased. This was a procedural matter for handling by the Commission and we cannot see how the appellants were injured. It appears to us to be the only logical and practical way to handle the matter.

■■■ They also assign as error that the decision of the Commission was against the overwhelming weight of the evidence. We do not agree.

The next assignment is that the Commission erred in not attributing more of the injury to the pre-existing disease. This was a matter for the Commission as the trier of fact, and they had substantial evidence to justify assessing the disability at this percentage.

■■ ■ The appellants also assign as error the fact that the Commission did not apportion medical, hospital and related expenses. This matter has been decided by this Court in the recent case of Ollie Sanders v. B. E. Walker Construction Co., 251 Miss. 352, 169 So. 2d 803, decided December 14, 1964. Such decision is contrary to the contention of appellants.

■■ ■ The last assignment is that the circuit court erred in finding that apportionment does not apply in this case. With this assignment we agree.

We do not think it necessary to discuss the other assignments of error.

The case is reversed, the order of the Workmen's Compensation Commission reinstated, and the case remanded to the Commission.

Reversed and remanded.

*Lee, C. J., McElroy, Rodgers and Brady, JJ.,* concur.